United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————————

No. 03-40568

(Summary Calendar)

———————————

LINDA BERRY; NANCY SELLERS; TERRI LYNN SMITH; ESTHER STAFFORD; MARY
SUTTER; LINDA "SUSAN" HARRELL,

Plaintiffs - Appellants,

versus

ALLSTATE INSURANCE CO.,

Defendant - Appellee.

———————————

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 1:98-CV-1758

———————————

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants, Linda Berry and five others ("Berry"), appeal the district court's grant of

summary judgment for Appellee, Allstate Insurance Co. ("Allstate"), on grounds that Berry's

Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, suit is time-barred. We

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

AFFIRM the district court's grant of summary judgment.

Berry was employed at Allstate as a result of her hire through a temporary agency. Upon hire, Allstate informed Berry that she would not be eligible for Allstate's benefit plans. Years after hire, Berry filed suit under ERISA and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[1] Berry claimed that Allstate violated § 510 of ERISA[2] by participating in two prohibited acts. First, Berry alleged that Allstate fired and rehired all of its office staff through temporary agencies with the specific intent of excluding the office staff from receiving medical and pension benefits. Second, Berry alleged that Allstate fraudulently deceived her into believing that she was not eligible for Allstate benefits.

Allstate filed two summary judgment motions. FED. R. CIV. P. 56(c). The first argued Berry's claims were barred by the statute of limitations. The second argued Berry's claims should fail on the merits. The district court granted Allstate's motion for summary judgment on statute of limitations grounds and denied Allstate's motion on the merits as moot. On appeal, Berry argues that Allstate's denial of benefits constitutes a continuing violation of ERISA under *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), which should toll ERISA § 510's statute of limitations. We review a district court's summary judgment ruling *de novo*. *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 167 (5th Cir. 1999). "The pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits,

---

[1]All parties agree that if the ERISA claims are barred, the RICO claims also fail.

[2]Section 510 makes it "unlawful for any person to discharge, fine, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140.

-2-

must demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Under this standard, questions of fact are considered with deference to the nonmovant, while questions of law are subject to *de novo* review." *Lowery v. Illinois Cent. Gulf R. Co.*, 891 F.2d 1187, 1190 (5th Cir.1990) (citations omitted).

ERISA does not specify a statute of limitations for § 510 actions. When statutes do not provide limitations periods federal courts look to analogous state law. In this case, the applicable statute of limitations is two years. *McClure v. Zoecon, Inc.*, 936 F.2d 777, 778 (5th Cir. 1991) (analogizing ERISA § 510 to Texas wrongful discharge and employment discrimination laws, which have a two-year statute of limitations). We have never determined when § 510 claims accrue. The district court applied *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1139-41 (7th Cir. 1992), and held the statute of limitations for Berry's § 510 claim accrued when Allstate informed her, upon hire, that she was not eligible to participate in Allstate's benefit plans.[3] Because Berry's suit was filed more than two years after being informed of Allstate's denial of benefits, Berry's ERISA claims were time-barred. The district court refused to toll the statute of limitations under the continuing violations exception. The district court concluded the continuing violations exception was not applicable because Allstate's refusal to allow Berry into the benefit plans at the time of hire "was the single act that served as the basis for the alleged wrongful discrimination." On appeal, Berry argues that the district court should have tolled the statute of limitations under the continuing violations exception.

Initially, we have never applied the continuing violations exception in the context of an ERISA case. The parties do not address whether the continuing violations exception should be applied in

---

[3]On appeal, neither party challenges this aspect of the district court's decision. We need not address this issue in this case and can assume, for purposes of our analysis here, that the district court was correct to apply *Tolle*.

ERISA cases, rather they simply argue whether the exception is applicable based on the facts of this case. Berry's claim, however, fails even if the exception is applied, thus we need not decide whether the continuing violations exception is applicable in § 510 ERISA cases, and assume for purposes of this analysis that the continuing violations exception is applicable in § 510 ERISA cases.[4]

Berry argues the Supreme Court's decision in *Morgan* requires us to revisit the district court's continuing violations exception analysis. *Morgan*, however, is inapposite. *Morgan* was a Title VII case in which the Supreme Court held the continuing violations exception applicable for hostile work environment claims, but inapplicable to discrete acts of discrimination. *Morgan*, 536 U.S. at 110-21. The Court noted "[h]ostile work environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." *Morgan*, 536 U.S. at 115; *see also Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) ("Under the continuing violations doctrine, a plaintiff may complain of otherwise time-barred discriminatory acts if it can be shown that the discrimination manifested itself over time, rather than in a series of discrete acts."). Allstate's actions are not comparable to hostile work environment claims because Allstate's decision to deny benefits was a one-time event. *See Russell v. Bd. of Trs. of Firemen*, 968 F.2d 489, 493-94 (5th Cir. 1992) ("The Board's act of terminating of Russell's benefits upon remarriage was not revisited after her divorce, it was accomplished only once. Clearly, this is not a case involving a continuous tort."). *Accord Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 214 (3d Cir. 2001) (rejecting continuing violations exception because "where there was an outright repudiation [of benefits] at the time the employees' services were terminated, it is reasonable to expect that the statute of limitations began

---

[4]Another court to consider a similar issue, however, rejected the application of the continuing violations exception in the ERISA context. *See Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1332 (9th Cir. 1996).

to run at that point").

Accordingly, we AFFIRM the district court.