United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 05-20151
Summary Calendar

————————————

DWYN L. DUPREE

                                        Plaintiff-Appellant,

versus

VALERO ENERGY CORPORATION

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-4986
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    In this civil diversity case,[1] Dwyn L. Dupree, a former employee at a gas station owned by defendant Valero Energy Corporation's former subsidiary, appeals the district court's summary judgment in Valero's favor on Dupree's negligence claim. Dupree alleges that workplace exposure to gasoline fumes with the chemical additive t-amyl methyl ether (TAME) exacerbated his preexisting medical conditions — gastro esophageal reflux disease

———————————————

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1]28 U.S.C. § 1332(a)(1).

(GERD), hiatal hernia, and hemorrhoids — and caused him to develop bilateral maxillary sinus disease.

Valero moved for summary judgment, arguing that there is no evidence that Dupree's alleged exposure to gasoline fumes and TAME caused his injuries. In addition to the pleadings and other evidence on file, Valero submitted evidence that included Dupree's deposition testimony, his medical records, and expert testimony that Dupree's alleged exposure to gasoline fumes and TAME did not cause his injuries. Valero also submitted a "Summary Report" and other documents that discuss the components of gasoline and TAME in general and the possible effects of exposure, including workplace exposure to service station workers. The "Summary Report" states that "the reported health effects of gasoline inhalation include intoxication, headaches, blurred vision, dizziness, nausea, eye nose, and throat irritation, and dizziness and mild anesthesia." The report also indicates that TAME can be absorbed dermally and may cause central nervous system depression. There is no mention of any injuries similar to those alleged to have occurred in this case.

Dupree did not file an opposition to the motion for summary judgment or any controverting evidence. Instead, he contends the evidence Valero submitted in support of its motion raises a genuine issue of material fact on causation. Specifically, Dupree argues that the "Summary Report" along with his medical records proves that exposure to gasoline fumes and TAME caused his injuries.

Dupree provided no expert witness evidence, and in fact, withdrew his expert witness designations, maintaining that expert testimony is not required in this case because the hazards associated with gasoline fumes is common knowledge.

The district court granted Valero's motion for summary judgment and dismissed Dupree's claims with prejudice. The district court concluded that expert testimony was required to establish a causal connection, but Dupree produced no expert witness who could link his medical conditions to gasoline or TAME exposure. The court also determined that Dupree's medical records and the documents discussing gasoline and TAME components and exposure risks did not raise a genuine issue of material fact on the causation issue.

We review a summary judgment *de novo*, applying the same standard applied by the district court.[2] Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[3] The parties agree that Texas substantive law applies in this diversity case.[4]

---

[2]*Allstate Ins. Co. v. Disability Servs. of the Southwest, Inc.*, 400 F.3d 260, 262-63 (5th Cir. 2005).

[3]FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

[4]*See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("'[W]e apply federal standards of review to assess "the

There is no expert testimony supporting Dupree's claims, Dupree has disclaimed any intent to rely on expert testimony, and the deadline to designate expert witnesses had passed when the district court ruled on the summary judgment motion. Moreover, there is nothing in the "Summary Report," Dupree's medical records, or any other document in the record that indicates a link between Dupree's alleged chemical exposure and his alleged injuries. The medical records do not in any way state or demonstrate, even by implication, that Dupree's alleged injuries were caused by gasoline exposure. There is no evidence in the record that Dupree's alleged injuries were caused by exposure to gasoline fumes or TAME. On the record before the court, such a conclusion would be pure speculation. Because there is no evidence of an essential element of Dupree's claims, Valero is entitled to judgment as a matter of law.[5]

In passing, Dupree also asserts that the district court abused its discretion by granting Valero's motion to quash Dupree's

---

sufficiency or insufficiency of the evidence in relation to the verdict," but in doing so we refer to state law for "the kind of evidence that must be produced to support a verdict."'" (quoting *Ayres v. Sears, Roebuck & Co.*, 789 F.2d 1173, 1175 (5th Cir. 1986))); *Thrash v. State Farm Fire & Cas. Co.*, 992 F.2d 1354, 1356 (5th Cir. 1993) ("In a diversity case state law provides the elements of the plaintiff's case." (citation omitted)).

[5]On appeal, Dupree also asserts that Valero is liable as a manufacturer of TAME, but these claims are not supported by a fair reading of the pleadings in this case. Moreover, because causation is also an essential element of a products liability claim, our analysis of Dupree's negligence claim is dispositive of his products liability claim.

subpoena requesting a certified copy of Valero's Material Safety Data Sheets for TAME. Because Dupree offers no supporting argument, analysis, or authority, the argument is waived.[6]

For the foregoing reasons, the judgment is AFFIRMED.

---

[6]*See* FED. R. APP. P. 28(a)(9) (requiring appellant's brief to include "the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies")*; see also L&A Contracting Co. v. S. Concrete Servs. Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (holding an argument waived for failure to cite authority).