United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10638
(Summary Calendar)

_____

ROSE ANN JUAREZ-KEITH,

              Plaintiff-Appellant,

    v.

US FOODSERVICE, INC.,

              Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas, Dallas
No. 3:02-CV-90

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Appellant Rose Ann Juarez-Keith sued Appellee US

Foodservice, Inc. ("USFS"), alleging discrimination in violation

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-

2000e-17 (2006) ("Title VII"), and the Americans with

Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 (2006)

("ADA"), denial of benefits under the Employment Retirement

---

    [*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (2006) ("ERISA"), and breach of contract. USFS moved for summary judgment, which the district court granted on March 8, 2005. Juarez-Keith now appeals.

I. <u>Background & Procedural History</u>

Juarez-Keith was employed by USFS, a food distributor, as a District Sales Manager in January, 1988. Her duties included hiring salespeople, driving to customer locations, conducting sales presentations and training sales representatives. On November 1, 1999, she was involved in an automobile accident, resulting in a broken sternum, a damaged vagus nerve, hoarseness, headaches, chest pains, difficulty in swallowing, periodic choking on her own saliva and chronic fatigue. She reported the accident to her manager, Larry Albrecht, the day it happened. According to Juarez-Keith, Albrecht informed her she would need to continue working to receive income and benefits. Allegedly, this was incorrect because USFS's Employee Injury Benefit Plan would have permitted merely formal employment and the receipt of benefits.

Juarez-Keith continued her employment at USFS for about six months. With Albrecht's permission, however, she performed curtailed duties, mostly from home. In April 2000, she was asked to terminate her subordinate Jan Walters for leaving a profane message on another employee's voicemail. Juarez-Keith refused. The next month, Juarez-Keith was asked to assume some of Walters'

2

duties.  On May 8, 2000, she requested leave and short-term disability benefits.  Her doctor advised her to discontinue working and assessed her as "not currently capable of performing full time work which is primarily seated in nature but does allow the flexibility to stand when needed and does not require lifting over 10 [pounds]."  In November, after her short-term benefits expired, Juarez-Keith moved to a long-term benefits plan.  She was terminated on November 5, 2000.  She was eventually replaced and continues to receive long-term benefits, as well as Social Security benefits.

On March 16, 2001, Juarez-Keith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination against her on the basis of gender, nationality and disability.  The EEOC issued a right-to-sue letter, and litigation ensued.  USFS moved for summary judgment, which the district court granted.

II. Standard of Review

We review a district court's grant of summary judgment *de novo*.  Pegram v. Honeywell, Inc., 361 F.3d 272, 278 (5th Cir. 2004).  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.

56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue as to a material fact is "genuine" if the evidence would permit a reasonable jury to return a verdict for the non-moving party. Roberson v. Alltel Info. Servs., 373 F.3d 647, 651 (5th Cir. 2004)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The evidence must be construed in a light most favorable to the non-moving party and doubts resolved in its favor. Id.

III. Discussion

Juarez-Keith raises two issues on appeal. First, she disputes as erroneous the district court's grant of summary judgment on her Title VII disparate treatment claim on statute of limitations grounds. Second, Juarez-Keith asserts the district court erred in determining that she could not perform her job duties. She argues that reversal of this latter ruling will resuscitate her Title VII and ADA termination claims and Title VII and ERISA retaliation claims.

A. Statute of Limitations

Identifying May 8, 2000, the day Juarez-Keith took leave, as the date of the unlawful employment practice[1] and March 16, 2001

---

[1] Juarez-Keith identified Albrecht's alleged comment to her that she would need to keep working to receive benefits as the instance of disparate treatment. She claims, without support, that male employees were not so discouraged from seeking benefits. The district court allowed for a possible range of benefit denial dates, from November 1, 1999, the date of the accident, to May 8, 2000, the date Juarez-Keith took leave with

4

as the date the EEOC charge was filed, the district court held Juarez-Keith's Title VII disparate treatment claim time-barred under 42 U.S.C. § 2000e-5(e)(1).[2] Based on pleadings to the district court that she conducted an intake interview and filled out a charge questionnaire in mid-January, 2000, Juarez-Keith argues that factual issues remain with respect to the date the charge was filed, and thus whether the claim is properly barred.[3] Rule 56 makes clear that her conclusory pleading is insufficient.[4]

---

disability benefits.

[2] This provision establishes a 300-day limitations period from the unlawful employment practice for aggrieved persons who initially institute proceedings with a state or local agency. Timely filing a charge with the EEOC suffices to place a plaintiff within the statute of limitations. See also Manning v. Chevron Chem. Co., 332 F.3d 874, 878 (5th Cir. 2003).

[3] To support this claim, Juarez-Keith submits documents from the EEOC documenting her visit and intake interview in January. Under certain circumstances, we have understood imperfect charges to be sufficient for tolling purposes under Title VII, see Price v. Sw. Bell Tel. Co., 687 F.2d 74, 78 (5th Cir. 1982). But Juarez-Keith's evidence of her January 18, 2001 intake interview is presented for the first time on appeal, and we may not consider it. Louque v. Allstate Ins. Co., 314 F.3d 776, 779 n.1 (5th Cir. 2002). USFS is incorrect, however, that we may not consider her *argument* that she filed before March 16. Although she submitted no documentation to support it, Juarez-Keith did argue to the district court that she approached the EEOC in January in her response to USFS's motion for summary judgment. If often ultimately rejecting them as insufficient to survive summary judgment, we have routinely evaluated allegations based merely on pleadings. See, e.g., Dupree v. Valero Energy Corp., 147 F.App'x 398, 400 (5th Cir. 2005); Dorsett v. Louisiana Tech. Univ., 33 F.App'x 704 (5th Cir. 2002).

[4] The entirety of Juarez-Keith's pleading on this issue is the following sentence: "[o]n January 18, 2001 [she] filed a Charge of Discrimination with EEOC against US Foodservice, Inc."

In response to a motion for summary judgment, the adverse party must "set forth specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e). They must "go beyond the pleadings." Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir. 1996)(quoting Celotex, 477 U.S. at 324). Juarez-Keith does not go so far. Faced with documentary evidence affirmatively establishing the fact that Juarez-Keith's EEOC charge was filed on March 16, 2001 and nothing but pleading to contradict it, the district court did not err in determining that Juarez-Keith's Title VII claim fell without the limitations period and granting summary judgment on the issue to USFS.

Juarez-Keith also contends a factual issue exists with respect to the date the limitations period began to run. She claims that the denial of benefits continued until November, 2000, when she learned she was in fact able to receive the benefits. For this argument she cites Messer v. Meno, a case in which, applying the continuing violations doctrine, we determined a fact issue existed as to whether the employer systematically discriminated in promotion on the basis of race and gender. 130 F.3d 130, 135 (5th Cir. 1997). But Juarez-Keith complains of no systematic discrimination; rather, she attempts to cast an isolated alleged denial of benefits as ongoing. The continuing violations doctrine is not applicable to discrete acts of discrimination such as this. See Frank v. Xerox Corp., 347 F.3d 130, 136 (5th Cir. 2003). We have rejected attempts to cast

6

benefits denials as ongoing acts.  See Berry v. Allstate Ins. Co., 84 Fed. App'x 442, 443 (5th Cir. 2005)(holding employer's decision to deny employee benefits a one time event); Russell v. Bd. of Tr. of the Firemen, Policemen and Fire Alarm Operators' Pension Fund of Dallas, 968 F.2d 489, 493 (5th Cir. 1992) (holding denial of survivor benefits due to remarriage accrued at date of remarriage and was not continuing violation).  USFS's act was a discrete one, and Juarez-Keith's argument fails.

B. Inability to Perform Duties Determination

Juarez-Keith also challenges the district court's determination that she was unable to perform her job duties.  She claims she was able, but that USFS increased her duties in May, 2000 to include physical labor; and that this increase was in fact a pretext for firing her.  To support this claim, she points to her own deposition testimony that she was able to accomplish the curtailed duties her manager assigned to her following her November, 1999 auto accident.  Juarez-Keith's belief she could perform her job duties will not suffice on its own to establish her capability, especially in light of her doctor's assessment to the contrary.[5]  See Holtzclaw v. DSC Commc'ns Corp., 255 F.3d 254, 258-59 (5th Cir. 2001) (rejecting plaintiff's belief he could

_____

[5] It is even arguable whether the testimony to which she points supports her argument.  She admits outright that Albrecht made an "exception" for her, allowing her to do a reduced amount of work, from home.  Moreover, she claims she has "good and bad days," implying there were certain days on which she could not work.

perform essential functions of job as sufficient evidence to create issue of material fact where belief contradicted prior averments made to obtain Social Security disability benefits). Because we reject her argument that the district court erred, we need not reach the question of which claims a contrary ruling would resuscitate.

IV. <u>Conclusion</u>

For the reasons above, the judgment of the district court is AFFIRMED.